CHARLES E. HENDRICKSON, JR., RECEIVER, &c., DEFEND-ANT IN ERROR, v. ELLEN M. DWYER, PLAINTIFF IN ERROR.

Argued November 23, 24, 1903—Decided February 29, 1904.

H., the receiver of the D. company, brought suit to recover damages from one D. for the alleged tortious occupation, by her, of certain premises of the D. company, both before and after the appointment of the receiver. *Held*, that the following question, asked by the defendant of the president of the D. company, viz., "Did the D. company receive the rents for the premises from the defendant during this time that she was in possession of them?" was relevant on the issue whether her occupation, prior to the appointment of the receiver, was a tortious one, and this notwithstanding that it had previously been shown that the defendant had originally entered into possession of the premises under a lease made to her by a third person, who apparently had no interest in the premises. An affirmative answer would have tended to show that her occupation was with the acquiescence of the company. *Held further*, that this question calls for a fact, and not for a conclusion, of the witness.

On error to the Supreme Court.

For the plaintiff in error, *Warren Dixon*.

For the defendant in error, *Charles L. Corbin*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action of trespass to land. The plaintiff was appointed receiver of the Dwyer Leather Company, a corporation, on August 4th, 1901. That company became the owner of the lands upon which the trespass is alleged to have been committed in the year 1893. On January 1st, 1901, the Merchants' Company, a stranger to the title, executed to the defendant a lease of this land for the term of one year from January 1st, 1901, at a rental of $1,200 per year. The defendant occupied the premises under that lease until the 1st of September and paid rent to the Merchants' Company until the 1st of June. The trespass alleged is the occupation of this land without the authority of the owner, and the damages sought to be recovered are the rental value of the property during the time of the defendant's occupation.

There was no evidence in the case to show by what authority, if any, the Merchants' Company assumed to make the lease to the defendant. On the other hand, there was no evidence to show that the Dwyer company ever objected to her occupation of those premises. In putting in her defence Mrs. Dwyer attempted to prove that the rent which was paid by her to the Merchants' Company, or some portion of it, was received by the Dwyer Leather Company and went into its treasury. This she was not permitted to do. At the close of the evidence the trial judge directed a verdict for the plaintiff and instructed the jury to assess the damages at the full rental value of the property for the eight months during which it was occupied by the defendant.

The principal error alleged before us was the refusal of the trial judge to permit the defendant to show that some part of the rent paid by her to the Merchants' Company went into

the hands of the Dwyer company.   The president of that company, having been called as a witness by the defence and having testified that he and the other officers of the company were cognizant of the fact that the defendant was occupying the premises covered by her lease, was asked, "Did the Dwyer Leather Company receive the rents for the premises from Mrs. Dwyer during this time that she was in possession of them?"   The question was objected to upon the ground that it called for a conclusion, not a fact, and this objection was sustained and the question overruled.   It had appeared earlier in the trial that the payment of rent was made by checks drawn to the order of the Merchants' Company, and the idea of the objecting counsel (judging from his argument before us) seems to have been that the witness was "called on to swear not to a fact but to the conclusion that the money was in effect paid to the Dwyer Leather Company, in face of the admitted payment by checks to the Merchants' Company, on the unsound theory that the concurrence of the president, Mr. Dwyer, in the payments made it in effect payment to the Dwyer Leather Company."   But manifestly this is a misapprehension of the scope of the question.   Although the rents were paid to the Merchants' Company, it is quite within the limits of possibility that this company, after perhaps deducting its commission for the collection, turned them over to the Dwyer company.   If this was done, the president of that company would have been likely to have personal knowledge of the fact.   The question objected to called for the knowledge of the witness as to the matter inquired of.

The materiality of the question is obvious.   If the answer had disclosed the fact that these rents were paid over by the Merchants' Company to the Dwyer company, it would have gone far toward justifying the conclusion that the Merchants' Company, in making the lease to the defendant and accepting from her the rent due thereunder, was acting as the authorized agent of the Dwyer company.   It would have been almost conclusive evidence, in the absence of explanation

on the part of that company, that at least it acquiesced in the occupancy of the premises by the defendant. Either conclusion would have been destructive of the idea that she was there as a trespasser.

The question was material also in another aspect. If, upon the whole case, the defendant was shown to have been a trespasser, the plaintiff was entitled to recover from her the rental value of the premises during the period of her occupation less such sums as had been paid by her as rent either to himself or to the company of which he was the receiver. His claim to compensation for the trespass done to the company's property prior to his appointment would have been defeated by proof that the company received full satisfaction of that claim before its insolvency and would have reduced the amount which he was entitled to recover by that sum.

The action of the trial judge in overruling the question was erroneous and, for this reason, the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 12.